Dear Mr. Dupuy:
You have requested an opinion of the Attorney General regarding the use of the Twelfth Judicial District Indigent Defender Board Fund (Fund) to pay the attorney's fees incurred in the successful defense of litigation filed against the Board. In the alternative, you ask whether legal authority exists for the Attorney General's Office to pay said fees.
You state that the Board retained the services of a private attorney to defend the Board and its individual members. The suit was ultimately dismissed, with prejudice, at the request of the plaintiffs, at their costs.
The ability of this office to pay the attorney's fees incurred by the Board and its members is governed by ArticleVII, Section 14(A) of the Louisiana Constitution of 1974. It provides:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
Paragraph (C) of Section 14 authorizes the state and its political subdivisions to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private corporations, or individuals; however, Paragraph (C) supplements the prohibition against donations in Article VII, Section 14(A). It does not create an exemption or exception from the general constitutional norm.
The Supreme Court, adopting the jurisprudence interpreting an identical provision of the 1921 Constitution, has interpreted La. Const. Article VII, Section 14(C) to be violated "Whenever the State or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." City of Port Allen v. Louisiana Risk Management, Inc., et al.,439 So.2d 399, 401 (La. 1983).
This requirement of a legal obligation to expend funds is the threshold but not the only predicate for the constitutionality of the expenditure. The expenditure must also be for a public purpose and create a public benefit proportionate to the cost. A public purpose and benefit is always presumed where the legal obligation to expend the funds is established by constitutional or statutory mandate. To enjoy this presumption, the legal authorization must be an obligation or public duty authorized by law. In other words, the purpose and power for the expenditure must be sanctioned by laws. The public officer or entity acts as an instrument of the law, and pursuant to the authority granted by law, rather than his or its perception of the public good.
To allow unrestricted expenditures of public funds by any and all political subdivisions, public agencies, entities or officers as long as those entities or persons can imagine some species of "public good" or "public benefit" resulting therefrom, would be to authorize a fragmentation and incoherence in fiscal policy at all levels of state government. This, Article VII, Section 14 seeks to prevent by requiring valid legal authority (even at the contractual level) for all alienations of public funds.
The effect of Article VII, Section 14 as interpreted by the Supreme Court and the Attorney General is to give further constitutional protection and definition to the plenary power of the legislature over the public fisc, and to insure that political subdivisions conform to statewide general fiscal policy rather than formulate it on the basis of local expediency within their own territorial jurisdictions. The integrity of the legislative constitutional power over the public fisc is, therefore, sustained by a statewide constitutional norm requiring a legal obligation for public expenditures that is either ordained by law, by the legislature or constitution, or authorized (i.e. power to contract) by the same source of law.
While the attorney's fees incurred by the Board and its members emanate from a legitimate public purpose, the Office of the Attorney General is bound by the constraints imposed by Article VII, Section 14. Payment of these fees by this office would transcend the bounds established by this very office in a litany of opinions previously issued to other state and local agencies.
Regretfully, we are constrained to opine that Article VII, Section 14 prohibits this office from paying the attorney's fees in question. In the absence of a legal obligation owing to the Board and its members, we are, likewise, prevented from the utilization of the cooperative endeavor concept. We focus now on the issue of whether your Fund can bear this expense.
LSA-R.S. 15:145(E) provides:
 "E. The district board may expend funds for its necessary expenses, including compensating its employees and reimbursing the district board members for actual expenses in traveling to and from district board meetings and otherwise incurred while on district board business." (Emphasis added.)
As can be gleaned from the above provision, your Board is authorized to expend moneys from the Fund for necessary expenses. It is the opinion of this office that the payment of attorney's fees incurred by the Board in the successful defense of litigation against it and its individual members constitutes the payment of "necessary expenses" as that term is used in LSA-R.S. 15:145(E).
Trusting this adequately responds to your request, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0082R